HENRY ROBINSON ET AL., THE COUNTY COMMISSIONERS OF
DUVAL COUNTY, APPELLANTS, VS. ALBERT FRIES, AP-
PELLEE.

Fries obtained a judgment in a Justice's Court against the County of
Duval. The defendant appealed to the Circuit Court, which
dismissed the appeal upon the ground that the "judgment was
so defective in form as not to constitute a judgment." Fries af-
terwards applied for and obtained an alternate writ of manda-
mus directed to the County Commissioners of said county, com-
manding them to show cause why they should not levy a tax to
pay said judgment. To this writ the defendants made return
that the matter in controversy was *res adjudicata* and setting
forth the judgment of the Circuit Court above quoted: *Held*,
That it was a good defense.

Appeal from the Circuit Court for Duval county.

The facts of the case are stated in the opinion.

*R. B. Archibald* for Appellants.

*Doggett & Buckman* for Appellee.

The only issue that was proper to be raised was the issue
of judgment or of no judgment.

The return must directly deny the facts or set up others
showing a complete defence in law. 18 Fla. Repts., 52;
Wood, Mand., 43, 44.

The second plea in respondent's return and the second
and third pleas of the amended return present totally in-
sufficient and irrelevant matter, not constituting a defense
to the writ. Suppose the matter *was* appealed to the Cir-
cuit Court; it was by the county, and they had, or submit-
ted quietly to the dismissal of their own appeal.

The appeal, so long as in force, operated as a supersedeas.
When the appeal was dismissed the bar was withdrawn

and the case remanded as before appeal. This was the status of the case when the mandamus was applied for and the only question that could be raised in these proceedings was whether as matter of fact there was a judgment of record in the court which rendered the same in legal form or not.

The question is not whether there was any judgment in the record sent up to the appellate court, but whether as matter of fact there be a judgment entered in the lower court. This could not be determined conclusively by the judgment of the court in dismissing the appeal—the appellate court acted only on the record before it.

The only decision the appellate court could make was to affirm or reverse the judgment, or dismiss the appeal. 19 Fla. Repts., 28.

A judgment dismissing the appeal passes not on the merits of the case, but only on irregularities and defects in the record before the court. The appellate court saw fit in this case to dismiss the appeal; that the overruled pleas of respondent's return set up as a fact that the court adjudged there was no judgment and dismissed the appeal therefor, does not alter the case. The court was speaking only as to the record before it, and by such judgment could not pass upon the merits in the case. The only meaning such language can have is to say the " appeal was dismissed," it matters not the reasons for the act.

The " dismissal of the appeal " was the judgment. It left the cause below without any bar to its further progress, and if the judgment was in fact there of record and properly in form, then the proceedings on the same are valid.

This was the sole question the court had to decide in these proceedings. It was not barred or estopped by the dismissal of the appeal.

If the court had on appeal from the Justice's Court, found no sufficient judgment in the record then before it, and dismissed that appeal therefor, it was not estopped to proceed on a mandamus to enforce that same judgment when satisfied by the record in the mandamus proceedings that a good and valid judgment existed and was then apparent of record.

In these proceedings appellants cannot go behind the judgment; whether that was proper or not, could only be decided in the Justice's Court, or on the appeal to the Circuit Court, and this court cannot now go into the merits of the cause as there is nothing properly before the court to show the same.

That the appellants consented to and acquiesced in the dismissal of the appeal, or submitted to the same, is not the fault or concern of the appellees. The appeal was dismissed. If the record then before the court was imperfect in form they should have proceeded to correct it, or if proper, to have shown that the judgment was a perfect one, and had the merits of the case passed upon by a judgment of reversal or affirmance; the judgment they obtained was a judgment " dismissing the appeal."

This we think disposes of the first assignment of error. It was an improper return to the writ and the demurrer thereto was properly ruled upon.

The second assignment of error was to the same effect and bad; the court had already passed upon it.

The third assignment of error is not well taken. The only issue in the cause was that of judgment or no judgment.

The relator must prove his case. To the petition was attached a certified copy of the judgment entered in the cause, as of record. The return refers to this and admits

20

its correctness, nor can it be doubted as the same is duly certified to.

The appellants deny that this is a good judgment, the trial of such question was by the record or a certified copy, which was attached to the petition and admitted as correct by respondents in their return. The Judge had only to inspect this and pronounce his judgment on the same.

We submit, without further argument, that this is a good and valid judgment. Freeman on Judgments, 51 to 55, and notes.

Full faith, force and credit, must be given to all judgments and decrees until reversed and set aside. They cannot be attacked collaterally, and these proceedings were not proper to review and pass upon the merits of the case. We can see no error in this record. If the judgment entered in this cause was in form a judgment, that is an end of the cause; it stands of record as a valid charge, which can only be satisfied by payment.

The court was not estopped to pass upon this. The judgment of the court, in dismissing the appeal and the judgment in this proceeding, are two separate and distinct matters and there is no conflict between them. One was simply taking away the bar, for defects apparent to the court then, in the record; the other, enforcing a valid judgment, if found in fact of record in the cause. The judgment of the court dismissing the appeal decided nothing, and, therefore, could not conclude the court in any way or manner.

The authorities cited by appellants to the effect that judgments of dismissal are an estoppel are not applicable here; this decision only set aside the *process* that brought the case to the appellate court for a hearing and did not pass upon the merits of the case. Appellants forget to bear in mind that the judgment of the court was the " dismissal

of the appeal." It was not a judgment of dismissal on the merits.

THE CHIEF-JUSTICE delivered the opinion of the court:

The appellee, Albert Fries, recovered judgment against the county of Duval, before a Justice of the Peace in said county, for seventy-five dollars, and costs.

The judgment not being paid, Fries applied to the Hon. James M. Baker for an alternative writ of mandamus to compel the County Commissioners of said county to levy a tax upon the persons and property of said county, and authorize the Collector to collect the same for the payment of the said judgment. The writ was issued as prayed for in the petition and served on the defendants. To this writ the defendants made return: that no judgment was entered up in said cause as alleged in the alternative writ; that an appeal was taken from what purported to be a judgment of the Justice's court, and that the Ciruit Court, on the 15th day of April, 1885, at the hearing of said appeal, adjudged that the same was no judgment, and dismissed the appeal on the ground that it was no judgment.

The court, on a motion to quash the return, ordered that portion thereof which set up the action of the Circuit Court of April 15, 1885, stricken out. The defendants amended their return, setting up that there was no valid judgment rendered, as alleged, against the county of Duval, and that at the spring term, 1885, of the Circuit Court of said county, after a careful inspection of said pretended judgment, mentioned in the alternative writ, said court "did declare and adjudge the same to be no judgment; and said court further decided that said pretended judgment was so defective in form as not to constitute a judgment, and then and there, upon that ground, dismissed an appeal taken from it to said Circuit Court."

The court, on final hearing, adjudged that the return was insufficient and awarded a peremptory writ. From this decision the appellants prosecute their appeal. The only question involved in the record is the effect of the action of the Circuit Court of April 15, 1885. The appellants claim that it is entitled to all the force and effect of *res adjudicata*.

The judgment of the court, as set out in the return, dismisses the appeal from said judgment. Appellants claim that the validity of the judgment was considered and passed upon by the court, and finding said judgment so defective as not to " constitute a judgment," dismissed an appeal therefrom. The authorities fully establish the following principles: that where a judgment or decree affirms the existence of a fact, it is conclusive upon the parties or privies, whenever the existence of that fact is again in issue between them ; also that an adjudicature is conclusive, not only as to matter actually determined, but as to every other matter which the parties might have litigated and have had decided, as incident to, or essentially connected with, the subject matter of the litigation. To render a matter *res adjudicata* it is not essential that it should be distinctly and specifically put in issue in the pleadings. It is sufficient that it be shown to have been tried and settled in the former suit. In 3 Cowen, 120, in the case of Gardner vs. Buckbee, 15 Am. Dec., 256, it was decided that evidence, extrinsic the record, is admissible to show what matters embraced within the issues were passed upon in a former action.

Applying these principles, there is no difficulty in coming to the conclusion that the return of the defendants to the alternative writ was sufficient to establish the defence of *res adjudicata*. It disclosed that in a proceeding between the same parties that the identical judgment now sought to

be enforced, was the subject of adjudication by the court, and that said adjudication determined said judgment to be invalid and of no binding force or effect.

The court erred in deciding otherwise.

Judgment reversed and cause remanded.